UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>         Plaintiff,<br><br>v.<br><br>John Leland Combs,<br><br>         Defendant. | Case No.: 17cr3026-CAB-1<br><br>**Order on Defendant's Motion to Withdraw Plea and Vitiate Waiver [Doc. No. 30] and Government's Motion in Limine to Admit Factual Admissions for Impeachment [Doc. No. 22]** |

  Defendant John Leland Combs is charged with forcible assault on a federal law enforcement officer in violation of 18 U.S.C. § 111(a)(1) ("assault charge"), and high speed flight from a federal law enforcement agency in violation of 18 U.S.C. § 758 ("flight charge"). [Doc. No. 1.] On November 21, 2017, Mr. Combs entered into a plea agreement with the Government in which he agreed to plead guilty to the flight charge and the Government agreed to dismiss the assault charge. [Doc. No. 22-1, at 3.]

  The plea agreement is initialed by Mr. Combs on each page and signed by him and his counsel on the last page, certifying that the Defendant read the agreement, discussed the terms with his counsel and that he fully understands its meaning and effect. [Id., at 13.] On the signature page Mr. Combs swears "under penalty of perjury that the facts in the 'factual basis' paragraph above are true." [Id., at 14.] The 'factual basis" is set forth

on page three of the agreement, preceded by the statement that "[t]he following facts are true and undisputed." [Id., at 4.]

The plea agreement sets forth the potential penalties for the offense, including a statutory maximum of five years imprisonment. [Id.] The agreement clearly states that the Sentencing Guidelines are only advisory and that the Court may impose a sentence more severe than the otherwise applicable Guidelines, up to the statutory maximum. [Id. at 7.] The agreement unequivocally states that the sentence is within the sole discretion of the sentencing judge, and that the Government made no representation as to what sentence the defendant would receive. Further it states that any estimate of the probable sentence made by defense counsel was a prediction, not a promise and is not binding on the Court. [Id.]

The agreement includes recommendations for base offense level, and adjustments, but acknowledges there is no agreement as to Mr. Comb's Criminal History Category. [Id., at 8-9.] Consequently, the agreement does not include a specific sentencing recommendation, as the Defendant's Criminal History Category was at that time undetermined.[1] The agreement states it is the entire agreement, and superseded any other agreement, written or oral. [Id., at 12]. The Defendant acknowledged he had been made no other promises other than those contained in the agreement. [Id., at 6.]

Finally, the agreement states that failure to plead guilty pursuant to the agreement constitutes a breach. If the Defendant breaches the agreement, the Government may then pursue the charges, including any it promised to dismiss, and the factual basis statement would be admissible against the Defendant in the prosecution of the charge(s). [Id., at 12.] Defendant acknowledged he "knowingly, voluntarily, and intelligently" waived his

---

[1] The agreement provides for the preparation of a presentence report by Probation, and the Defendant acknowledged that a sentence could not be determined until that report was prepared. [Id., at 6.] The Government therefore only represented it would recommend the low end of the advisory guideline range, or time served in custody at the time of sentencing, whichever was greater. [Id., at 9.]

2

right to suppress the statements in the agreement under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure. [Id.]

After signing and submitting the plea agreement to the Government, Mr. Combs did not proceed with his guilty plea. He withdrew it on the basis that he was misadvised by his former counsel[2] as to the applicable Guideline Range and his former counsel misrepresented that his sentence would be "capped" at 18 months. Mr. Combs' former counsel submitted a declaration stating that he did erroneously inform the Defendant that his Guideline Range would be 8-14 months, due to a miscalculation of his Criminal History Category. Comb's former counsel further declared that he erroneously represented to the Defendant that he would likely receive a time served sentence or at worst the sentence would be "capped" at 18 months. [Doc. No. 30-3.] Purportedly relying on his former counsel's representation that he would not be subject to more than an 18 month sentence, Mr. Combs agreed to plead guilty to the flight charge in return for the Government dropping the assault charge and a recommendation of no more than 18 months custody. [Id., at 4.]

Mr. Combs contends he entered his plea agreement relying on these promises, despite the fact the plain language of the agreement includes none of these representations. To the contrary it is quite clear that the Guidelines had yet to be calculated and there is no promise of a joint sentencing recommendation of 18 months or less. The only "cap" to a potential sentence recited in the plea agreement is the stated statutory maximum for the offense of five years. The agreement unambiguously states the Court will have sole discretion in determining the Defendant's sentence and any recommendation by the Government or defense counsel is just that, a recommendation and is not binding on the Court.

---

[2] The Court appointed new counsel to Mr. Combs in light of the Defendant's representation that the basis of his withdrawal from his plea agreement was the errors made by his former counsel who advised him as to the plea deal. [Doc. No.27.]

Before entering his plea, Mr. Combs learned that based on his Criminal History Category, his advisory Guideline Range would likely be 27-33 months, and he therefore declined to proceed with his plea. "A defendant may withdraw a plea of guilty before the court accepts the plea, for any reason or no reason." Fed.R.Crim.P. 11(d)(1). Mr. Combs did not enter his plea before the Court, consequently he is free to withdraw his decision to plead guilty. *See U.S. v. Savage*, 978 F.2d 1136, 1137 (9th Cir. 1992) *citing U.S. v. Papaleo*, 853 F.2d 16, 19 (1st Cir. 1998) ("Unless and until a court accepts a guilty plea, a defendant is free to renege on a promise to so plead.").

Mr. Combs now moves to suppress any reference to the plea agreement or the facts to which he admitted, [Doc. No. 30], under Federal Rule of Evidence 410, notwithstanding his express waiver of that evidentiary privilege in the executed plea agreement. Rule 410 provides that statements made during plea discussions are not admissible against a defendant if the guilty plea is withdrawn. F.R.E. 410(a)(4). Having withdrawn from his promise to plead guilty, Mr. Combs moves to preclude the Government from using his admissions.

A defendant may waive the evidentiary privilege created by Rule 410. *United States v. Mezzanatto,* 513 U.S. 196, 210 (1995). The Government contends that Mr. Combs knowingly and voluntarily waived his rights under Rule 410 and the facts he admitted in the plea agreement are therefore admissible for impeachment purposes, in accordance with the terms of the agreement. Citing to *Mezzanatto*, the Government argues that Mr. Combs' waiver of Rule 410 is enforceable and, should he decide to testify, he can be cross-examined on his previous admissions, as "[t]he admission of plea statements for impeachment purposes enhances the truth-seeking function of trial and will result in more accurate verdicts." *Id.*, at 204.

Mr. Combs contends that the plea agreement was not entered into voluntarily because it was a product of fraud and therefore his waiver of Rule 410 is not enforceable against him. *See id.* at 210 (waiver of the exclusionary provisions of the plea-statement Rules is valid and enforceable, absent a affirmative indication that the agreement was the

product of fraud or coercion). He does not assert fraud on the part of the Government; but fraud in so far as his former counsel was negligent in representing to the Defendant that he would receive no more than 18 months of custodial time in exchange for a guilty plea to the flight charge.

Mr. Combs, however, could not reasonably have relied upon such a representation as a sentencing guarantee, in light of the plain language of his agreement that the Court would ultimately decide his sentence and was not bound by any recommendation of the counsel. *See e.g., U.S. v. Quiroga,* 554 F.3d 1150, 1155-56 (8th Cir. 2009) (Counsel's erroneous sentencing advice, in light of the express language in a plea agreement that Court could enter a sentence up to the statutory maximum, did not render defendant's explicit waiver of rights in the agreement involuntary.)

Mr. Combs certified by his signature that he read and understood all the terms of the agreement. He makes no argument that he was erroneously advised as to the waiver and any other provisions of his agreement. Mr. Combs withdrew his plea because he learned his former counsel gave him erroneous advice regarding the potential sentence he might receive. That does not however support his assertion that he did not understand the express terms of the agreement and the potential consequences should he not proceed with his plea.

Mr. Combs' motion to suppress his plea agreement and the admissions made therein [Doc. No. 30] is **DENIED**. The Government's motion in limine [Doc. No.22] to admit the factual admissions in Mr. Combs' plea agreement only for purposes of impeachment should he testify is **GRANTED**.

Dated: June 19, 2018

Hon. Cathy Ann Bencivengo
United States District Judge